

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-79,901-02

### EX PARTE KEITH REYNOLDS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 20090D02381 IN THE CRIMINAL DISTRICT COURT NO. 1
### FROM EL PASO COUNTY

*Per curiam*.

**O P I N I O N**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of manufacture or delivery of a controlled substance and one count of possession of marijuana, and was sentenced to seventeen years' imprisonment for the manufacture or delivery count and three years' imprisonment for the possession of marijuana count, to run concurrently.

Applicant contends that he was denied his right to appeal because he was erroneously advised that he had no right of appeal after entering into an agreement at the sentencing stage of trial. Applicant alleges that upon further investigation it was discovered that he did not knowingly and

voluntarily waive his right to appeal from the jury's verdict.

The trial court has determined that Applicant was denied his right to appeal this conviction, and that he desire to pursue an appeal. We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 20090D02381 from the Criminal District Court No. 1 of El Paso County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.


Delivered: October 8, 2014
Do not publish